RECEIVED
IN ALEXANDRIA, LA.

DEC 11 2013

TONY R. MOORE, CLERK
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EZEKIEL McGINNIS | DOCKET NO. 13-CV-2311 SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN CAIN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Ezekiel McGinnis is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, incarcerated at the United States Penitentiary in Angola, Louisiana. He filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on July 31, 2013. Petitioner attacks the sentence imposed upon him in Louisiana's Ninth Judicial District Court.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court. For the following reasons, it is recommended that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

*Background*

Ezekiel McGinnis was charged by bill of information filed on April 27, 2006, with armed robbery, possession of a firearm by a convicted felon, possession with intent to distribute CDS Schedule II, cocaine, and aggravated flight from an officer. A bench trial commenced on August 16, 2006, and the trial court subsequently found the Defendant guilty as charged. A bill of information

charging the Defendant as a habitual offender for the offense of armed robbery with a firearm was filed; and, on November 27, 2006, the trial court adjudicated McGinnis a second felony offender and sentenced him to serve fifty years at hard labor. Because the judgment did not state whether Petitioner's habitual offender sentence included an enhanced term of five years pursuant to La.R.S. 14:64.3(A), the appellate court found the sentence "indeterminate" and remanded for resentencing on April 30, 2008, with an instruction to clearly set forth the portion of the sentence enhanced. State v. McGinnis, 981 So.2d 881, 2007-1419 (La.App. 3 Cir. 2008). Otherwise, Petitioner's convictions were affirmed. Petitioner was resentenced on June 2, 2008, in accordance with the Third Circuit's instructions.

On December 7, 2011, Petitioner filed a "Motion to Correct Illegal Sentence" in the trial court. [Doc. #7] The motion was denied (as an untimely motion to reconsider) on December 12, 2011. [Doc. #4, 7] Petitioner applied for Writ of Review on December 28, 2011. On September 11, 2012, the Third Circuit Court of Appeal denied the writ. [Doc. #4-1, p.4] The Louisiana Supreme Court denied writs on March 1, 2013. See State ex rel. McGinnis v. Sate, 108 So.3d 1171 (La. 2013).

### Law and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a "1-year period of limitation shall apply"

2

to a state prisoner's application for a writ of habeas corpus in federal court. 28 U.S.C. §2244(d)(1). This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that *the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.* Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). *However, any lapse of time before the proper filing of an application for post-conviction relief in state court <u>is counted</u> against the one-year limitation period.* See Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999), *citing* Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner initially appealed his sentence, which was remanded for resentencing. The resentencing took place on June 2, 2008, and McGinnis *did not appeal* the resentencing. [Doc. #6, p.2] Therefore, his judgment became "final" for AEDPA purposes on or about July 2, 2008 (thirty days after the sentence was imposed). Therefore, Petitioner had one year from July 2, 2008, or until July 2, 2009, to file a federal habeas corpus petition. The petition

was not filed until July 17, 2013.

The tolling provisions of 28 U.S.C. §2244(d)(2), set forth above, are not applicable in this case. That is, although the time during which a properly filed application for post-conviction relief was pending in state court *is not counted* toward the limitation period, any lapse of time **before the proper filing of an application for post-conviction relief** in state court **is** counted against the one-year limitation period. See Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999), *citing* Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998). McGinnis's post-conviction attack on his sentence, styled as a "Motion to Correct Illegal Sentence," was not filed until December 7, 2011, more than two years after the one year statute of limitations in Section 2244 had expired. Thus, the available evidence establishes that the instant petition is time-barred.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999)(quotation marks omitted). The Supreme Court has noted, "To be entitled to equitable tolling, [the petitioner] must show '(1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.1999) (citing Barrow v. New Orleans S.S Ass'n, 932 F.2d 473, 478 (5th Cir.1991)). Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner has not alleged that he was actively misled by the state nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his habeas claims.

**For the forgoing reasons, IT IS RECOMMENDED** that this petition for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** because Petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he

magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** in chambers, in Alexandria, Louisiana, on this _11th_ day of December, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE